FILED

2022 Nov-30  AM 11:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| QUINCETTA Y. CARGILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-01681-AMM-JHE |
| | ) | |
| CHRISTOPHER DANIEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Quincetta Y. Cargill filed a *pro se* complaint under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging violations of her rights under the Constitution or laws of the United States. Doc. 1. On August 12, 2022, the magistrate judge entered a report recommending the court dismiss without prejudice Ms. Cargill's federal claims pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief may be granted. Doc. 20 at 4–9. The magistrate judge further recommended that the court dismiss without prejudice Ms. Cargill's state-law claims for legal malpractice pursuant to 28 U.S.C. § 1367(c). *Id.* at 6, 9. Ms. Cargill has filed objections to the report and recommendation. Doc. 23.

In her objections, Ms. Cargill maintains the defendants conspired to coerce her to plead guilty to state charges. *Id.* at 1–9. A plaintiff may state a claim for conspiracy to violate her constitutional rights by showing a conspiracy existed that

resulted in actual denial of a constitutional right. *See Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1260 (11th Cir. 2010). A plaintiff attempting to state a conspiracy claim must allege that "the defendants 'reached an understanding' to violate the plaintiff's constitutional rights" and that an actionable wrong occurred. *Id.* (quoting *Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty.*, 956 F.2d 1112, 1122 (11th Cir. 1992))

Ms. Cargill has made only conclusory allegations in her complaint that a conspiracy existed among the defendants. While Ms. Cargill contends the defendants each had knowledge that she suffered from a mental health condition when she pled guilty to state charges, Doc. 23 at 9, she has not alleged facts which demonstrate that these defendants came to an understanding to violate her rights. "[N]aked, conclusory assertions of the defendants' complicity in a conspiracy . . . do not amount to factual matter that makes [a] claim plausible on its face." *See Ruiz v. Rummel*, 777 F. App'x 410, 415 (11th Cir. 2019); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Ms. Cargill has not alleged facts which indicate the defendants reached some agreement to deprive her of her constitutional rights, her conspiracy claims against them are due to be dismissed.

Ms. Cargill also complains that the magistrate judge failed to construe her claims liberally and placed an unreasonable burden on her to allege plausible facts

in support of her conspiracy claims. Doc. 23 at 2–3. While a *pro se* litigant's complaint is construed more liberally than a formal pleading drafted by a lawyer, *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990), courts may not step into the role of *de facto* counsel or "rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). Ms. Cargill's mere assumption that a conspiracy must have existed among the defendants is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Twombly*, 550 U.S. at 555).

Similarly, Ms. Cargill's complaint is devoid of facts which would defeat defendants Mr. Milner and Mr. Camp's prosecutorial immunity. Ms. Cargill alleges that Mr. Milner and Mr. Camp offered her a plea deal knowing that she was legally innocent of the crime and/or incapable of making a voluntary plea because of her mental condition. Doc. 23 at 10–11. Prosecutors are not immune from liability for actions they take as administrators or investigative officers. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). However, prosecutors are entitled to immunity for all actions taken during the initiation and pursuit of criminal prosecution and in their role as an advocate for the State, including engaging in plea negotiations. *Id*. at 431; *see Santobello v. New York*, 404 U.S. 257, 260 (1971) ("The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely

called 'plea bargaining,' is an essential component of the administration of justice."); *Vila v. Wadlington*, No. 17-0134-KD-MU, 2018 WL 2075330, at *5 (S.D. Ala. Apr. 13, 2018) ("Because plea negotiations are an essential element of the criminal justice system, a prosecutor's action in the plea-bargaining process are protected by absolute prosecutorial immunity."). Because Ms. Cargill has not alleged facts which demonstrate that Mr. Camp and Mr. Milner conspired to violate her constitutional rights or that they acted outside of their roles as prosecutors, her claims against them are due to be dismissed.

Critically, Ms. Cargill does not address the magistrate judge's conclusion that her claims against the defendants are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), to the extent she seeks monetary and injunctive relief. Doc. 23. Specifically, Ms. Cargill's claims that the defendants coerced her to plead guilty or knew she was incapable of making a voluntary plea call into question the validity of her convictions and sentences. It is well established that a plaintiff cannot recover damages or injunctive relief for unconstitutional convictions or sentences unless they have been first set aside. *Heck*, 512 U.S. at 487. Ms. Cargill has not made such a showing. Accordingly, Ms. Cargill's claims for relief are due to be dismissed under *Heck*.

After careful consideration of the record in this case and the magistrate judge's report and Ms. Cargill's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation and 28 U.S.C. §

1915A(b)(1), Ms. Cargill's federal claims are dismissed without prejudice for failing to state a claim upon which relief may be granted. Additionally, Ms. Cargill's state-law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

A final judgment will be entered.

**DONE** and **ORDERED** this 30th day of November, 2022.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE